IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARLENE J. ROBERTSON, | * |
| Plaintiff, | * |
| v. | *   Civil No. RDB-10-2696 |
| STATE OF MARYLAND | * |
| MEDICAL ADVISORY BOARD | |
| MOTOR VEHICLE ADMINISTRATION, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM ORDER

Plaintiff, Marlene J. Robertson ("Plaintiff" or "Robertson") has filed this action, proceeding *pro se,* against the Defendants State of Maryland Medical Advisory Board and the Motor Vehicle Administration ("MVA") alleging disability discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e *et seq*. She has characterized her cause of action to be based on non-compliance with the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). She has also alleged negligent infliction of emotional distress. The gravamen of her complaint is that she experienced discrimination as a result of her failure to meet a visual acuity requirement as required by the MVA.[1]  Ultimately, as a result of an administrative hearing the MVA reinstated Robertson's driver's license. Presently pending before this Court is Defendant's Motion to Dismiss the Complaint (ECF No. 7). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for the reasons summarized herein, said motion is hereby GRANTED.

---

[1] The Administrator of the MVA may refer a motorist to the Medical Advisory Board if there is reason to believe that a licensed driver may have a medical condition that would interfere with public safety on Maryland highways. *See* Md. Code Ann., Transp. §16-110.1 and §16-118.

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro* 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of her claim that would entitle her to relief, *Goron v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Under Rule 8(a)(2) a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *See also Simmons v. United Mort. and Loan Inc.*, LLC, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011). The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to plead a claim." *Ashcroft v. Iqbal* 556 US ___, 129 S. Ct. 1937, 1949 (2009). Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id*. at 1950. The *pro se* plaintiff in this case has simply failed to meet the plausibility standard.

Ms. Robertson essentially alleges that she submitted to two medical examinations required by the MVA which she contends were "unnecessary, intrusive and excessive examinations." Pl.'s Compl. ¶8 & 9. In her complaint, she acknowledges she has an eye condition for which the MVA sought additional information before renewing her driver's license. She sought and received administrative relief at the Maryland Office of Administrative Hearings. Pl.'s Compl. ¶5. Ms. Robertson has simply failed to state a claim upon which relief can be granted as she sites no specific acts of any discrimination by any official of the MVA.

Furthermore, there is no allegation that the administrative actions of the MVA caused her any monetary damage. Quite simply, she currently has a valid driver's license even after admitting to a condition that affects her eye sight and she had the opportunity for administrative and judicial review of any actions taken by the MVA.

Initially, this Court notes that it does not have jurisdiction over the claims of the State of Maryland because the Plaintiff failed to exhaust her administrative remedies, pursuant to Maryland Rule 7-201. Furthermore, her claim for negligent infliction of emotional distress states a tort claim against the State of Maryland. The state can only be sued to the extent it has waived its sovereign immunity under the Maryland Tort Claims Act. Md. Code Ann., State Gov't §§ 12–101, et seq.

Apart from this Court's lack of jurisdiction over the Plaintiff's claims, Ms. Robertson has filed a this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. That Act specifically provides for an unlawful employment practice by "an employer." 42 U.S.C. §2000e-2(a). The Defendants are not Ms. Robertson's employer.

Accordingly, IT IS HEREBY ORDERED this 22nd day of September, 2011, that the Motion to Dismiss of the Defendants (ECF No. 7) is GRANTED; and it is FURTHER HEREBY ORDERED that this Dismissal be WITHOUT PREJUDICE, and the Clerk of this Court is instructed to CLOSE THIS CASE.

                                                                   /s/
                                                         Richard D. Bennett
                                                        United States District Judge